IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICAH DAVIS,
    Plaintiff,

v.                                       CIVIL ACTION NO. 18-CV-3243

FORTUNATO N. PERRI, JR.,
    Defendant.

FILED
AUG 31 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

JONES, J.                                                              AUGUST 31, 2018

Plaintiff Micah Davis brings this civil action against Fortunato N. Perri, Jr., an attorney who represented him in his pending criminal proceeding. Davis seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject matter jurisdiction.

### I. FACTS

Public dockets reflect that Davis has been charged with violating federal drug laws in a criminal proceeding in this Court. *See United States v. Davis*, Crim. A. No. 15-496-5 (E.D. Pa.). Davis initially retained Perri to represent him in connection with the criminal case. In his Complaint, Davis alleges that Perri failed to request his release on bond at an initial hearing. Davis alleges that he thereafter agreed to pay Perri $5,000 down on a $15,000 fee, and that the remaining $10,000 "could be paid off before the start of trial." (Compl. ECF No. 2 at 4.)[1] A few weeks later, Davis and Perri met with the prosecution to discuss a plea deal.

Davis claims that, after he rejected the plea deal, Perri became angry with him. According to Davis, Perri demanded that he pay the remaining $10,000 before Perri would move forward with

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

1

the case "even though it was already agreed that [Davis] would not have to pay the $10,000.00 until after [Perri] had filed pre-trial motions and discovery." (*Id.* at 5.) Davis alleges that, in light of the events discussed above, he terminated Perri and hired another attorney.

Davis alleges that Perri only represented him in connection with "two very short hearings . . . thereby resulting in no representation at all due to [Perri's] disloyalty and misconduct." (*Id.*) On that basis, Davis believes he is entitled to the return of the $5,000 he paid Perri. He alleges that Perri breached a fiduciary duty to him and failed to meet the standards required as his lawyer. As relief, Davis seeks return of the $5,000 in legal fees he paid to Perri.

## II. STANDARD OF REVIEW

The Court grants Davis leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Davis is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court construes the Complaint as raising legal malpractice claims and possibly other claims under state law. The only basis for the Court's jurisdiction over those claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in

---

[2] As Davis is a prisoner, he is still obligated to pay the $350 filing fee in installments in accordance with the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).

Here, the Complaint fails to establish that the parties in this case are citizens of different states for purposes of § 1332. In any event, it is clear that the amount in controversy here—$5,000—falls below the jurisdictional threshold. Accordingly, the Court lacks subject matter jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Davis's Complaint for lack of subject matter jurisdiction. As Davis cannot cure the defects in his claims, amendment would be futile. However, the dismissal is without prejudice to Davis filing his claims in the appropriate state court. An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.